FRANK HAJEK ET AL., APPELLEES, V. JOSEPH F. POJAR ET AL.: JOHN RUZEK, APPELLANT.

FILED MARCH 9, 1934. No. 28819.

*Simon A. Simon* and *Adolph A. Carl,* for appellant.

*Frank C. Charvat, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and BEGLEY, District Judge.

BEGLEY, District Judge.

On August 29, 1925, the defendants Joseph F. Pojar and his wife, Julia, executed a promissory note to the

plaintiffs and appellees, Frank Hajek and Anna Hajek, for the sum of $27,000, due March 1, 1931, with interest at 5 per cent. per annum, and as part of the same transaction executed and delivered to the plaintiffs a mortgage upon the northeast quarter of section 5, township 20, range 5, in Dodge county, Nebraska, which mortgage was promptly filed for record and recorded. On September 5, 1925, the said defendants executed a second mortgage upon the same tract for the sum of $7,300 in favor of the defendants Frank C. Tomka, John Ruzek and the Farmers State Bank of Dodge, Nebraska. This mortgage contained an express recital that it was subject to a mortgage of $27,000. Thereafter the amount due the bank was paid and the interest of the bank in the mortgage was released. On March 1, 1931, when the said loan of $27,000 matured, the plaintiffs and defendants Joseph F. Pojar and wife entered into an extension agreement extending the maturity of said loan for a period of five years. This extension agreement changed the terms of the loan in two particulars: (1) In the place of payment; and (2) it reduced the rate of interest from 5 per cent. to 4 per cent. Subsequently the said defendants defaulted in the payment of interest and taxes, and plaintiffs instituted proceedings to foreclose their mortgage, joining the other defendants as parties to the suit. The bank appeared and disclaimed any interest in the premises involved, and the defendant Frank C. Tomka defaulted. The defendant and appellant, John Ruzek, filed a cross-petition setting forth the execution to him of a note of $2,000 and the execution and delivery to him of the said mortgage and default in the payment of the same and prayed that it be adjudged a first lien on the premises because it was of record at the time when the extension agreement was made, and asked for a foreclosure. The court found that the plaintiffs' mortgage of $27,000 constituted a first lien on the premises and that the defendant John Ruzek had a second lien in the sum of $2,000. From this decree John Ruzek has appealed.

The sole question for determination in this court is whether or not by the extension of its mortgage the plaintiff lost the right of a first lien and whether the appellant thereby acquired a first lien upon the premises.

In 41 C. J. 582, it is said: "Where a first mortgagee grants to the mortgagor an extension of the time for payment of the mortgage debt, but without any actual or intended discharge of the mortgage or taking a new one, and without any fraudulent intent as regards the second mortgagee, the latter cannot claim to be preferred to the first mortgagee merely on the ground of such extension."

The extension agreement continued the lien of the Hajek mortgage and all their rights and remedies thereunder for the new period, and having reduced the rate of interest on the first lien and the appellant having accepted a mortgage subject to said first lien, it cannot be said that the appellant has been injured by reason of the extension agreement.

Under the circumstances shown in this case, the plaintiffs and appellees did not lose their priority by merely extending the time of payment of their mortgage which was admitted to be prior to the mortgage of the appellant.

The judgment of the district court is therefore

AFFIRMED.